UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10863-RWZ

INTERNATIONAL STRATEGIES GROUP, LTD

v.

STEPHEN HEFFERNAN

<u>MEMORANDUM OF DECISION</u>

July 30, 2004

ZOBEL, D.J.

Plaintiff International Strategies Group, Limited ("ISG") alleges that from 1997 through at least 2001, defendant Stephen Heffernan was the chief financial officer and treasurer of Corporation of the BankHouse, Inc. ("COB"), which also operated as Societe BankHouse and was controlled by James Pomeroy. In April 1998, ISG invested four million dollars with COB based on the latter's representations that the money would remain in ISG's own account and would be subject to a bank guarantee of non-depletion. As a result, ISG contends, Heffernan, COB, and Pomeroy owed it a fiduciary duty. After the funds were deposited, in contravention of that duty, COB directed a series of transfers and depleted the account. ISG alleges that COB then lied by stating that the funds had increased and in October 1998, COB and Heffernan proposed that ISG accept a nine million dollar promissory note in lieu of collecting the original principal or profit. ISG did so and further agreed to allow the purportedly larger investment amount to be transferred to an entity named Swan Trust for investment. From there, the funds disappeared into other accounts. ISG asserts that from mid-2000

through 2001, COB made misrepresentations and dissuaded it from attempting to recover its funds.  Ultimately, ISG lost the entirety of its original principal and received no profit.  Subsequently, it filed two lawsuits: (1) on March 22, 2002, an eight count Complaint in this Court against COB, Societe BankHouse, and James Pomeroy, individually and as trustee of Swan Trust, based on the abovementioned facts; and (2) on April 30, 2004, a twelve count Complaint in this Court against Heffernan, alleging breach of fiduciary duty, negligent misrepresentation, intentional misrepresentation, fraud, as well as conspiracies, and aiding and abetting each of the aforementioned counts.  Heffernan now moves to dismiss the action against him on the ground that it is time barred.

The parties agree that all claims are subject to a three-year statute of limitations.  When a plaintiff cannot determine the exact time of his injury, his cause of action accrues when he knew or should have known that defendant's conduct was harming him.  Szymanski v. Boston Mutual Life Insurance Co., 778 N.E.2d 16, 20 (Mass. App. Ct. 2002).  The doctrine of fraudulent concealment is a tolling doctrine codified in Mass. Gen. Laws ch. 260, § 12.  Stolzoff v. Waste Systems Intern., Inc., 792 N.E.2d 1031, 1039 (Mass. App. Ct. 2003).  "Where a fiduciary relationship exists, the failure adequately to disclose the facts that would give rise to knowledge of a cause of action constitutes fraudulent concealment for purposes of applying § 12."  Demoulas v. Demoulas Super Markets, Inc., 677 N.E.2d 159, 174 (Mass. 1997).  However, the statute of limitations is not tolled when a plaintiff has actual knowledge of the facts giving rise to his cause of action.  Emory v. Logan, 801 F. Supp. 899, 902 (D. Mass.

1992).

Heffernan contends that all of ISG's claims are late. All claims allege essentially same wrongdoing--that Heffernan breached his fiduciary duty, misrepresented, negligently misrepresented, and engaged in fraud by failing to tell ISG that its account had been depleted, by inducing it to accept a substitute promissory note, and:

> by failing to tell ISG that its funds had been transferred to Swan Trust and that Swan Trust had in turn transferred them to others; by representing to ISG that its funds would be recovered from Swan Trust and repaid to ISG when, in fact, the recovery by way of assignment was used for personal gain and not for the benefit of ISG or other investors; by using the power of attorney to stall ISG's own recovery efforts; by funneling assets to another corporate entity and then using them for the benefit of COB but not for ISG or other investors. . . .

(Compl. at ¶ 57, ¶ 63, ¶69, ¶75 ). The parties agree that ISG knew in 1999 that its funds were no longer with COB; "Starting in or about 1999, . . . COB and Pomeroy represented to ISG and the other investors that their funds were about to be returned." (Compl. at ¶ 35). Therefore, the statute of limitations began to run in 1999, when ISG knew all the facts giving rise to its claim.

ISG's remaining allegations concern Heffernan's subsequent actions and raise the only other issue: whether or not the tolling doctrine of fraudulent concealment applies. ISG contends that Heffernan's failure to tell it "the true state of affairs, time and time again, prevented the statute of limitations clock from running." (Opp'n at 19). However, ISG already knew the "true state of affairs," namely, that its funds had been depleted. Therefore, Heffernan had nothing left to conceal.

Moreover, ISG knew it had a cause of action when it commenced its earlier and

3

timely lawsuit against the other parties in 2002.  It is unclear why ISG waited an additional two years to file the present suit.  ISG contends that it discovered Heffernan's role in the controversy during depositions taken in the earlier case. (Compl. at ¶ 55).  Yet, throughout its Complaint, ISG's allegations focus mainly on the actions of COB; those against Heffernan are vague – he "either knew or was in a position to know" of the transfer, the misrepresentations, and the other actions. (Compl. at ¶ 22, ¶ 23, ¶ 31,

¶ 34, ¶ 38, ¶ 48).  In the final analysis, ISG's claims hinge on Heffernan's position as "one of the core group of senior executives in the Pomeroy-controlled entities[,]" who "acted in concert with Pomeroy [and] COB," a fact ISG knew or could have known in 2002.  (Compl. at ¶ 12, ¶ 51).  In any case, there is no dispute that ISG knew in 1999 that its funds were gone and, therefore, this lawsuit, filed five years later, is time barred.

      Accordingly, defendant's Motion to Dismiss is allowed.  Judgment may be entered dismissing the Complaint.

|  |  |
|---|---|
| _____<br>DATE | /s/ Rya W. Zobel<br>RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |